# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-57

CATHERINE A. OZER,                                              APPELLANT,

    V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                                  APPELLEE.

Before HOLDAWAY, IVERS, and STEINBERG, *Judges*.

## O R D E R

In a February 6, 2001, opinion, the Court reversed a September 1997 Board of Veterans' Appeals (Board) decision that had denied Department of Veterans Affairs (VA) dependents' educational assistance (DEA) benefits, and the Court remanded the matter for readjudication. *Ozer v. Principi*, 14 Vet.App. 257, 258 (2001). In its opinion, the Court invalidated , as inconsistent with statutory authority (38 U.S.C. § 3512), a regulation (38 C.F.R. § 21.3046(c) (2000)) that the Board had applied to deny the DEA benefits sought by the appellant. *Id.* at 264. The appellant subsequently filed, through counsel, an application for an award of attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA); the Secretary filed a response, and the appellant filed a reply thereto. The Secretary does not contest the appellant's EAJA application on the basis of any jurisdictional requirements, and the Court holds that the application satisfies all such requirements. *See* 28 U.S.C. § 2412(d)(1)(B); *Scarborough v. Principi*, 273 F.3d 1087, 1092-93 (Fed. Cir. 2001).

The Secretary contends that his position was substantially justified at both the administrative and litigation stages in the merits case, and the appellant disagrees. In discussing in their briefs whether the Secretary was substantially justified at the administrative stage, both parties address whether the Board was substantially justified in relying on the now-invalidated regulation. Neither party, however, addresses whether the Secretary was substantially justified in prescribing that regulation. *See Felton v. Brown*, 7 Vet.App. 276, 286 (1994) (determining that "steps that led to VA's promulgation of the regulation (i.e., the prelitigation conduct) [were] substantially justified"); *id.* at 288-89 (Steinberg, J., dissenting) (addressing that question but concluding to the contrary). The Court finds that further briefing is necessary on this question.

Upon consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the Secretary file, and serve on the appellant, a memorandum of law addressing the above question. It is further

ORDERED that, not later than 30 days after service of the Secretary's memorandum, the appellant file, and serve on the Secretary, a memorandum of law in response to the Secretary's memorandum and to this order. Amicus curiae, the National Organization of Veterans Advocates, may file a memorandum of law in the same period of time afforded to the appellant.

DATED:        April 24, 2002                              PER CURIAM.