# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-57

CATHERINE A. OZER, APPELLANT,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before HOLDAWAY, IVERS, and STEINBERG, *Judges.*

## O R D E R

This matter is before the Court on the appellant's June 5, 2001, application for an award of attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). In a February 6, 2001, opinion, the Court reversed a September 1997 Board of Veterans' Appeals (Board or BVA) decision that had denied Department of Veterans Affairs (VA) dependents' educational assistance (DEA) benefits, and the Court remanded the matter for readjudication. *Ozer v. Principi*, 14 Vet.App. 257, 258 (2001) [hereinafter *Ozer I*]. In its opinion, the Court invalidated, as inconsistent with statutory authority (38 U.S.C. § 3512 (1994)), a regulation (38 C.F.R. § 21.3046(c) (2000)) that the Board had applied to deny the DEA benefits sought by the appellant. *Id.* at 264. Thereafter, the appellant timely filed her EAJA application, which seeks $13,641.16 in fees and expenses (Application (Appl.) at 1); the Secretary filed a response, and the appellant filed a reply. The Court ordered additional briefing from the parties, and oral argument was held on September 4, 2002. Thereafter, the Court ordered further briefing, and both parties have responded.

The Court has already held that the EAJA application here meets any jurisdictional requirements, 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B). *Ozer v. Principi*, 16 Vet.App. 88, 89 (2002) (per curiam briefing order). The only contested issues in this application are whether the Secretary was substantially justified and, if not, the reasonableness of the requested fee. 38 U.S.C. § 2412(d)(1)(A). For the reasons that follow, the Court will deny the appellant's application.

"Once an appellant has alleged a lack of substantial justification, the burden shifts to the Secretary to prove that VA was substantially justified in [both] its administrative and litigation positions." *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc) (citing *Locher v. Brown*, 9 Vet.App. 535, 537 (1996)). The Supreme Court has determined that "substantially justified" means "justified to a degree that could satisfy a reasonable person". *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Furthermore, this Court has established the following "totality of the circumstances" standard to determine whether the Secretary has carried that burden:

VA must demonstrate the reasonableness, in law and fact, of the position of . . . VA in a matter before the Court, and of the action or failure to act by . . . VA in a matter before . . . VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court.

*Stillwell v. Brown*, 6 Vet.App. 291, 302 (1994).

The underlying merits adjudication arose out of an application for DEA benefits by the appellant, the wife of a deceased veteran. In its underlying decision, the Board applied a VA regulation, 38 C.F.R. § 21.3046(c), which at that time, inter alia, limited the period of DEA eligibility as follows: "The period of eligibility cannot exceed 10 years . . . ." 38 C.F.R. § 21.3046(c)(1) (2000). On appeal, the Court determined "that the Secretary's limitation of [the DEA] period to a fixed term of ten years is unlawful and thus . . . the BVA was not permitted to find the appellant ineligible for DEA for the reasons set forth in its decision". *Ozer I*, 14 Vet.App. at 263. Instead, the opinion "h[eld] simply that the 10-year period described in [38 U.S.C. § 3512(b) (1994)] does not begin until, as the statute says on its face, the last of the three alternatives set forth in subsection (b)(1) has been eliminated". *Id.* at 262. Section 3512(b)(1) provided at that time that the DEA eligibility period may not exceed "10 years after whichever of the following last occurs". 38 U.S.C. § 3512(b)(1) (1994). Section 3512(b)(1) then listed the following alternative dates:

(A) The date on which the Secretary first finds the spouse from whom eligibility is derived has a service-connected total disability permanent in nature.

(B) The date of death of the spouse from whom eligibility is derived who dies while a total disability evaluated as permanent in nature was in existence.

(C) The date on which the Secretary determines that the spouse from whom eligibility is derived died of a service-connected disability.

38 U.S.C. § 3512(b)(1) (1994).

In the merits stage of this litigation, the Court determined:

[S]ection 3512(b)(1)(A) provides only one of three events "beyond ten years after . . . the . . . *last*" of which occurs no DEA is authorized. 38 U.S.C. § 3512(b)(1) (emphasis added). Thus, the statutory subparagraph cited by the Secretary does *not* provide any information

2

as to the "commencement of the eligibility period", nor does it establish a fixed 10-year period of such eligibility. The parties have not provided evidence of a statutory basis for the fixed 10-year period provided for in § 21.3046(c), and the Court is not aware of any such basis.

. . . .

Because § 21.3046(c) imposes a 10-year limitation on the provision of DEA that was not contained in or authorized by 38 U.S.C. § 3512, or any other provisions of title 38 of which the Court is aware, we must hold, as we have held in similar cases in the past, that the regulation cannot stand.

*Ozer I*, 14 Vet.App. at 263-64.

## I. Substantial Justification at the Administrative Level

In demonstrating substantial justification at the administrative level in a case in which the Secretary's regulation has been invalidated, the Secretary must prove substantial justification both in promulgating the regulation and in his position during adjudication of the claim before the agency. *See Felton v. Brown*, 7 Vet.App. 276, 283 (1994) [hereinafter *Felton II*]. The Secretary argues that his administrative position in both respects was substantially justified because, inter alia, under the *Stillwell* totality-of-the-circumstances test, the regulation existed for "decades" before the Court struck it down, the underlying issue was one of first impression, and the Court's panel opinion on the merits was not unanimous. Response at 9-10; June 2002 Supplemental Memorandum (Mem.) at 18-19. The appellant counters that the Secretary's regulation (1) "was clearly contrary to the plain meaning of the statute", (2) "as a result rendered meaningless the statute's operative language of limitation" (July 2002 Mem. at 2 (citing *Swiney v. Gober*, 14 Vet.App. 65, 71 (2000))), and (3) therefore, had no reasonable basis in the law under *Pierce*, *supra*. Appl. at 4-5.

In *Felton II*, this Court denied an EAJA application based on an underlying decision in which the Court had invalidated a regulation because "it was not authorized by the statute". *Felton II*, 7 Vet.App. at 282-83. In the *Felton* underlying merits decision, the Court had found that the statute at issue had a "plain meaning" and that it was "clear that it is contrary to the language and purpose of the statute to deny [to] the veteran" the benefit that the regulation disallowed. *Felton v. Brown*, 4 Vet.App. 363, 369-70 (1993) [hereinafter *Felton I*]. The Court (1) determined that the regulation's "restriction is clearly in contravention of the statute, and the regulation is, therefore, neither 'appropriate to carry out' nor 'consistent with' the law under 38 U.S.C.[] § 501(a)"; (2) determined that that "added restriction is an unauthorized limitation on the scope of [the governing statute]"; and (3) concluded that because the statute "clearly mandated" the benefit sought, the regulation "violates the statue by denying" that benefit. *Felton I*, 4 Vet.App. at 371. During the EAJA litigation, the Court held: "Although we held in the underlying case on the merits that the Secretary's interpretation

of the statute, as set forth in [the regulation], was in excess of statutory authority, we cannot say that the Secretary's position had no reasonable basis in law or in fact." *Felton II*, 7 Vet.App. at 283. The Court then concluded: "Given the statutory silence on the particular matter and the lack of a conflict with adverse precedent, the Secretary's position during this part of the administrative phase, i.e., in promulgating the regulation at issue, was substantially justified." *Id.* at 284.

Here, the Secretary argues that "VA's position that there could be separate and distinct delimiting periods in a particular case if the veteran passed away was incorrect" but "was not unreasonable". June 2002 Mem. at 18. The Court is unable to find a meaningful distinction between the instant case and *Felton II*, which determined that the Secretary's interpretation contained in the regulation there invalidated was reasonably based in the law. *Felton II*, *supra*. Although the appellant contends that *Felton II* is distinguishable from the instant case on the ground that in *Felton II* there was no statutory provision and VA was filling a gap by issuing its regulation whereas here the invalidated regulation directly contravened a specific directive then in the statute ("whichever . . . last occurs", 38 U.S.C. § 3512(b)(1) (1994)), the essence of the merits decision on the validity of the regulation in each case is the same: The regulation contravened the plain language of the statute and thus was invalid. *See Felton I*, 4 Vet.App. at 369-71; *Ozer I*, 14 Vet.App. at 263-64. Indeed, as the preceding discussion shows, the Court's denunciation of the regulation was even stronger in *Felton I* than in *Ozer I*. *See ibid.* Therefore, the Court holds that the Secretary was substantially justified in promulgating the regulation at issue here. *See Felton II*, 7 Vet.App. at 282-84; Secretary's Oct. 2002 Mem. at 2 (attesting that Federal Register "contained no discussion of public comments having been solicited or received").

As to the second part of action at the administrative level, VA's application of the regulation in the instant case, VA and the BVA were bound by law to apply the regulation to the appellant's claim. *See Fugere v. Derwiniski*, 1 Vet.App. 103, 110 (1990) (holding that agency is bound by its regulations). Moreover, as in *Felton II*, "the regulation was not questioned" until proceedings in this Court. *Felton II*, 7 Vet.App. at 284; *see Ozer v. West*, 13 Vet.App. 458, 460 (2000) (per curiam briefing order); Secretary's Oct. 2002 Mem. at 2. The *Felton* Court concluded, as do we, that "[g]iven the existence of the regulation, whose validity had not yet been questioned in this case, the Secretary's position during this part of the administrative phase was also substantially justified". *Ibid.*

## II. Substantial Justification at the Litigation Level

The Court's analysis in *Felton II* of substantial justification at the litigation level closely mirrored that opinion's discussion as to the promulgation of and administrative reliance on the regulation. *Felton II*, *supra*. The Court reiterated the "reasonable basis in fact or law" standard and concluded that the Secretary, in defending the application of his regulation, met this standard. *See id.* at 285. The Court summarized the Secretary's argument in *Felton I* "that the statute did not address the specific issue envisioned by the regulation", which is similar to the Secretary's argument in the instant case that the regulation was promulgated and applied based on VA's "incorrect", but "not unreasonable", idea "that there could be separate and distinct delimiting periods in a particular

case if the veteran passed away" (June 2002 Mem. at 18), and determined that "[i]n light of the regulation's history, the Secretary's position in the underlying case on the merits was substantially justified". *Felton II*, *supra*. Similarly, in light of the analysis and conclusions reached in *Felton I* and *Felton II*, the Secretary's litigation position here had a "reasonable basis in fact or law" based on his arguments made before the Court. *Felton II*, *supra*. Therefore, the Secretary was substantially justified at the litigation level as well.

## III. Conclusion

In *Felton II*, the Court made clear that "the resolution of EAJA issues depends on many factors", *Felton II*, 7 Vet.App. at 286, and in *Stillwell* the Court stressed that "reasonableness is determined by the totality of the circumstances, and not by any single-factor approach." *Stillwell*, *supra* (citing *Chiu v. United States*, 948 F.2d 711, 715 n.4 (Fed. Cir. 1991)). Here, as in the *Felton* litigation, the regulation was contrary to law, but because this case was one of first impression and there was no prior disapproval of or challenge to the regulation, and because the Court finds, based on *Felton I* and *Felton II*, that "'a reasonable person could think [the Secretary's position] correct, that is, . . . it has a reasonable basis in fact or law'", *Felton II*, 7 Vet.App. at 280 (quoting *Pierce*, 487 U.S. at 566 n.2), the Court holds that the Secretary's position, at both the administrative and litigation stages, was substantially justified. There are two other factors that could buttress our conclusion. First, it appears that the Secretary correctly anticipated what Congress intended as a fixed delimiting period, notwithstanding the statutory language to the contrary, because soon after the merits opinion in *Ozer I*, Congress acted to amend the statute so as to permit the Secretary to apply a fixed DEA delimiting period. Veterans Education and Benefits Expansion Act of 2001, Pub. L. No. 107-103, § 108(c)(2), (c)(3), 115 Stat. 976, 985 (2001). Second, although it is certainly not dispositive, *compare Thompson (Abraham) v. Principi*, __ Vet.App. __,__, No. 99-515, slip. op. at 3-4, 2002 WL 31549093, at *2 (Nov. 19, 2002), *with id*. at slip op. at 8-9, 2000 WL at *5-6, the fact that one of the judges on this panel viewed the regulation as valid and dissented from the holding of the merits opinion, *Ozer I*, 14 Vet.App. at 265 (Holdaway, J., dissenting), is one factor to be considered among the totality of the circumstances involved in assessing the reasonableness of the Secretary's administrative and litigation positions. *Cf. Marcus v. Shalala*, 17 F.3d 1033, 1038 (7th Cir. 1994) (awarding EAJA fees based on unreasonable agency adoption of regulations, even though two circuit courts had sustained those regulations). On consideration of the foregoing analysis and the submission of the parties, it is

ORDERED that the appellant's EAJA application is DENIED.

DATED:        November 22, 2002                    PER CURIAM.

HOLDAWAY, *Judge*, with whom IVERS, *Judge*, joins, concurring: I concur in the result in the present case, and write separately simply to emphasize an important point not mentioned in the order issued by the Court.

While the order relies entirely on the Court's previous decision in *Felton v. Brown*, 7 Vet.App. 276 (1994), which these judges believe to have been rightly decided, as the basis for denying the appellant's EAJA application, there is another, more fundamental, ground that would serve as the proper basis to deny the appellant's EAJA application even in the theoretical absence of *Felton*. In *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988), the U.S. Supreme Court explained that "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Therefore, if the position taken by VA, although ultimately determined to be "incorrect," is debatable – that is, *if reasonable minds could differ* – then VA's position must be found to be substantially justified. Moreover, this Court has held that the government need not be "'justified to a high degree,' but rather 'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Felton v. Brown*, 7 Vet.App. 276, 280 (1994); *see also Pierce*, 487 U.S. at 565; *Stillwell v. Brown*, 6 Vet.App. 291, 302 (1994). As reflected in the Court's opinion on the merits in this case, there was a clear difference of opinion among members of the panel (each of whom, presumably, possesses a "reasonable mind") as to the clarity of the statutory scheme and the validity of the regulation at issue. In fact, it is difficult to see how any reasonable person could deny the debatability of this issue. Given that reasonable minds differed as to this point, the EAJA application would have to be denied under *Pierce*, *supra*, even in the absence of *Felton*.

STEINBERG, *Judge*, concurring: I write separately to express my continued disapproval of the analysis and holding in *Felton v. Brown*, 7 Vet.App. 276 (1994) [hereinafter *Felton II*]. *See id.* at 287-94 (Steinberg, J., concurring in part and dissenting in part). I maintain my belief that *Felton II* was wrongly decided, and thus, were it not for its precedential force, I would vote to grant the application in this case, for the reasons stated in my dissent in *Felton II*, *supra*. I am, however, constrained by the *Felton II* holding to join in this order, albeit reluctantly. *See Bethea v. Derwinski*, 2 Vet.App. 252, 254 (1992) ("[w]here there is an earlier panel . . . opinion, we apply a rule that in a subsequent case, a panel or single judge may not render a decision which conflicts materially with such earlier panel").