# United States Court of Appeals for the Federal Circuit

04-7136

MONROE WHITE, SR.,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Sandra E. Booth, of Columbus, Ohio, argued for claimant-appellant.

Ronald G. Morgan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Mark A. Melnick, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Martie S. Adelman, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Retired Judge Kenneth B. Kramer

# United States Court of Appeals for the Federal Circuit

04-7136

MONROE WHITE, SR.,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs.

Respondent-Appellee.

_____

DECIDED:  June 16, 2005

_____

Before MAYER, RADER, and GAJARSA, Circuit Judges.

Opinion for the court filed by Circuit Judge RADER.  Dissenting opinion filed by Circuit Judge MAYER.

RADER, Circuit Judge.

The United States Court of Appeals for Veterans Claims (Veterans Court) denied Monroe White, Sr. attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (2000).  The Veterans Court determined that the Secretary's position at the administrative and litigation levels was "substantially justified."  White v. Principi, No. 02-1827(E) (Vet. App. Apr. 6, 2004) (Order).  Because the Veterans Court applied the proper burden of proof and considered the entire record in following its own precedent in Johnson v. Principi, 17 Vet. App. 436 (Vet. App. 2004), this court affirms.[1]

---

[1]    As a procedural matter, the Veterans Court was correct to follow their own precedent in Johnson v. Principi, 17 Vet. App. 436 (Vet. App. 2004).  While this court is not bound to follow Johnson, this court finds the reasoning in Johnson to be persuasive as to the substantial justification of the Government in the present case.

On October 3, 2002, the Board of Veterans Appeals (Board) denied Mr. White's 1993 claim for service connection for a lower back injury. Mr. White appealed. On August 27, 2003, the Veterans Court vacated the Board's decision and remanded for readjudication consistent with this court's opinion in <u>Disabled American Veterans (DAV) v. Secretary of Veterans Affairs</u>, 327 F.3d 1339 (Fed. Cir. 2002). <u>DAV</u> invalidated 38 C.F.R. § 19.9(a)(2).[2]

Thereafter, Mr. White filed an application for reimbursement of legal fees and expenses under the EAJA. The EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was <u>substantially justified</u> or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (2000) (emphasis added). The Veterans Court denied Mr. White's EAJA application, concluding that the Secretary's position at the administrative and litigation levels was "substantially justified." Because <u>DAV</u> was a case of first impression and the record did not include any "prior adverse reaction" to the application of § 19.9(a)(2), the Veterans Court held that the Secretary was substantially justified in his positions at both the administrative and litigation stages. Mr. White filed a notice of appeal to this court.

---

[2] <u>Disabled Am. Veterans v Sec'y of Veterans Affairs</u>, 327 F.3d 1339, 1346-47 (Fed. Cir. 2002). The Federal Circuit found a Department of Veterans Affairs (VA) regulation allowing the Board of Veterans Appeals (Board) to consider additional evidence without remanding the case to the agency of original jurisdiction for initial consideration and without having to obtain the appellant's waiver was inconsistent with the statute entitling appellants to "one review on appeal to the Secretary." The regulation was thus invalid. <u>See</u> 38 U.S.C.. § 7104(a) (2000); 38 C.F.R. § 19.9(a)(2) (2002).

## II.

This court applies an abuse of discretion standard to a lower court's decision regarding attorney fees under the EAJA. Pierce v. Underwood, 487 U.S. 552 (1988). The EAJA requires the Government to show that its position during the course of proceedings was substantially justified. 28 U.S.C. § 2412(d)(1)(A) (2000). As stated in Pierce, the position of the Government is substantially justified when it is justified to a degree which would satisfy a reasonable person. Pierce, 487 U.S. at 565. "[T]he fact that one court agreed or disagreed with the Government does not establish whether or not its position was substantially justified." Id. at 569. Hence, under Pierce, it is not enough for a regulation to be deemed facially invalid on the basis of contradicting the overarching legislation. In order for the Government to be deemed unjustified in enforcing a regulation, something else must also be present.

Mr. White contends that the Veterans Court mistakenly shifted the burden of proof to require him to show the "something else," namely that the Secretary's conduct was unreasonable. The record does not show that the Veterans Court improperly shifted the burden from the Government to Mr. White. Rather, the court's language shows that it applied the correct standard. The Veterans Court four times invokes the proper "substantially justified" standard in a two-page order. After summarizing the procedural history, the Veterans Court examined the merits of Mr. White's claim:

> In the instant case, even assuming that . . . the appellant is a prevailing party, his application must be denied because the Secretary's position at the administrative and litigation stages was <u>substantially justified</u>.

<u>Order</u> at 2 (emphasis added) (citations omitted). The Veterans Court's reference to the proper standard shows proper application of 28 U.S.C. § 2412(d)(1)(A).

Mr. White relies on other language from the Order to argue that the Veterans Court impermissibly shifted the burden. He contends that the Veterans Court misapplied the applicable regulation in remarking: "[I]t could not be said that [the Government] was unreasonable in promulgating [38 C.F.R. § 19.9(a)(2)]." Order at 3. Mr. White contends this language required him to carry the burden of showing the Secretary acted unreasonably. However, this language merely describes the Veterans Court's own holding in Johnson, 17 Vet. App. at 442, and cannot be construed as shifting the burden to the fee applicant. Helfer v. West, 174 F.3d 1332, 1336 (Fed. Cir. 1999) (holding lower court did not misinterpret EAJA and shift burden of showing the Government acted without substantial justification to veteran, where the court simply pointed out that the veteran's arguments on that issue were unpersuasive). In fact, the contested phrase merely employs a double negative to restate the correct standard. Read in its complete context, the brief Order makes clear the Veterans Court understood and applied the correct standard in this case.

EAJA also requires that the record must supply the evidence of the Government's substantial justification. 28 U.S.C. § 2412(d)(1)(B). Mr. White contends that the Veterans Court limited the record to include only case law at the time the Government adopted its position. Mr. White argues this limitation of the record impermissibly excluded statutory law supporting his position.

The Veterans Court did not improperly limit the record. In making its determination, the Veterans Court applied the standard outlined in Johnson. 17 Vet. App. at 440. In Johnson, a case with virtually identical facts, the Veterans Court addressed the effect of DAV's invalidation of § 19.9(a)(2) on an EAJA claim. 17 Vet.

App. at 442. In denying the EAJA claim in that case, the Veterans Court stated that the Government's position at the administrative stage of the proceedings was substantially justified under a totality of the circumstances. Id. The Veterans Court based this conclusion on the record that showed DAV was a case of first impression and that showed no prior adverse reaction to the VA's proposed revision of 38 C.F.R. § 19.9(a)(2).[3] The Johnson standard centers the inquiry for a substantial justification on "the totality of the circumstances." Id. This standard considers, among other things, "merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the [Veterans Court]." Id. (quoting Stillwell v. Brown, 6 Vet. App. 291, 301 (1994)). The totality of the circumstances, by its very description, does not exclude any valid issue from consideration. The Veterans Court properly applied that rule in this case.[4]

---

[3] Johnson relied on two substantially similar cases in which the Veterans Court had invalidated VA regulations. See Ozer v. Principi, 14 Vet. App. 257, 264 (2001) (Ozer I) (holding 38 C.F.R § 211.3046(c) invalid as in contravention of 38 U.S.C. § 3512); Felton v. Brown, 4 Vet. App. 363, 371 (1993) (Felton I) (holding 38 C.F.R. § 3.558(c)(2) invalid in light of 38 U.S.C. § 501(a)). The appellants in both Felton I and Ozer I subsequently litigated EAJA claims. Felton v. Brown, 7 Vet. App. 276 (1994) (Felton II); Ozer v. Principi, 16 Vet. App. 475 (2002) (Ozer II). In the Equal Access to Justice Act (EAJA) litigation, the Veterans Court commented: "Although we held in the underlying case on the merits that the Secretary's interpretation of the statute, as set forth in [the regulation], was in excess of statutory authority, we cannot say that the Secretary's position had no reasonable basis in law or in fact." Felton II, 7 Vet. App. 283. Similarly, in Ozer II, the Veterans Court held that the Secretary's position in promulgating the regulation was substantially justified, despite a later invalidation of the regulation at issue in that case, because the "case was one of first impression", "there was no prior disapproval of or challenge to the regulation", and a reasonable person could find that the Secretary's position was reasonably based in fact or law. 16 Vet. App. at 479.

[4] In the present case, the Veterans Court discussed the Secretary's conduct in promulgating and enforcing the regulation as part of its analysis and review of Ozer II

04-7136                                     5

The Veterans Court found the Secretary's position was substantially justified because "the Board clearly relied upon then-current law." <u>Johnson</u>, 17 Vet. App. at 442. (quoting <u>Clemmons v. West</u>, 12 Vet. App. 245, 247 (1999)); <u>see also</u> <u>Owen v. United States,</u> 861 F.2d 1273, 1275 (Fed. Cir. 1988) (holding that "the position of the government [is] substantially justified when it [is] taken, based on precedents then standing", even though they are later overruled). The Order's reference to <u>Johnson</u> supports the conclusion that the Veterans Court properly relied on "then-current law" in determining that the Secretary was substantially justified in applying the regulation. <u>Johnson</u>, 17 Vet. App. at 442. Mr. White has not shown any reason to differ from the persuasive reasoning of <u>Johnson</u>.

### III.

For the foregoing reasons, this court affirms the Veterans Court holding that the Government met its burden of demonstrating that the Secretary's position at the administrative and litigation levels was substantially justified. This court further finds the Veterans Court's determination was based on the whole record, including relevant statutory law.

<u>COSTS</u>

Each party shall bear its own costs.

<u>AFFIRMED</u>

---

and <u>Johnson</u>, which found the Secretary's actions substantially justified under similar circumstances. <u>Order</u> at 2-3.

# United States Court of Appeals for the Federal Circuit

04-7136

MONROE WHITE, SR.,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

MAYER, <u>Circuit Judge</u>, dissenting.

The United States Court of Appeals for Veterans Claims ("Veterans' Court") denied Monroe White's Equal Access to Justice Act ("EAJA") application because the Department of Veterans Affairs' ("VA's") position at the administrative and litigation stages was substantially justified. <u>White v. Principi</u>, No. 02-1827 (Vet. App. Apr. 6, 2004). Because the Veterans' Court erred in its analysis by failing to consider the significance of the VA's adoption and reliance upon a regulation that was facially invalid, I would reverse.

White filed an appeal to the Veterans' Court following an October 2002 Board of Veterans' Appeals ("board") decision denying his 1993 claim for service connection of a back injury. The board's decision weighed evidence not previously considered by the agency of original jurisdiction ("AOJ"). As a result, on August 27, 2003, the Veterans' Court vacated the board's decision and remanded for adjudication consistent with our

decision in <u>Disabled American Veterans v. Secretary of Veterans Affairs</u>, 327 F.3d 1339 (Fed. Cir. 2003) ("<u>DAV</u>").  <u>White v. Principi</u>, No. 02-1827(E) (Vet. App. Aug. 27, 2003).

<u>DAV</u> addressed the validity of 38 C.F.R. § 19.9(a)(2),[1] which permitted the board to consider evidence not before the AOJ.  Analyzing the regulation, we held "that 38 C.F.R. § 19.9(a)(2) is invalid because, in conjunction with the amended rule codified at 38 C.F.R. § 20.1304, it allows the Board to consider additional evidence without having to remand the case to the AOJ for initial consideration and without having to obtain the appellant's waiver."  <u>DAV</u>, 327 F.3d at 1341.  We based this decision on the fact that "Congress unambiguously addressed this issue in 38 U.S.C. § 7104(a) by decreeing that '[a]ll questions in a matter which . . . is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary.'"  <u>Id.</u> at 1347 (quoting 38 U.S.C. § 7104(a) (2000)).  Section 19.9(a)(2) ignored the statute by allowing the board to consider evidence not before the AOJ, which precluded the claimant from at least one appeal to the Secretary.  Thus, we concluded that the regulation promulgated by VA was facially inconsistent with 38 U.S.C. § 7104(a) and invalid.  <u>Id.</u> at 1346-47.

The Veterans' Court committed legal error in this case by limiting the record to judicial precedent existing at the time the Secretary adopted his position, and by failing to consider the significance of the unambiguous language of a controlling statute.  The "EAJA authorizes the payment of fees to a prevailing party in an action against the United States; the Government may defeat this entitlement by showing that its position in the underlying litigation 'was substantially justified.'"  <u>Scarborough v. Principi</u>, 541

---

[1]     This version of 38 C.F.R. § 19.9(a)(2) became effective February 22, 2002.  <u>See</u> Board of Veterans' Appeals: Obtaining Evidence and Curing Procedural Defects Without Remanding, 67 Fed. Reg. 3099-3100 (Jan. 23, 2002).

U.S. 401, 405 (2004). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B) (2000). The governmental action that formed the basis of the remand in this case was the Secretary's promulgation of a facially invalid regulation. The Veterans' Court reasoned that because our DAV decision was a case of first impression and because there had been no "prior adverse reaction" to application of the regulations at issue, it could not be said that the Secretary was unreasonable in promulgating section 19.9(a)(2).

The actions or positions taken by VA that are contrary to statute must be weighed as part of the record in the overall determination of whether the Secretary's position was "substantially justified." When the Secretary adopts and relies upon a regulation that adversely affects a claimant's rights, and that regulation subsequently fails under the first prong of Chevron[2] because it is facially invalid, the government bears a heavy burden to later prove that its position was "substantially justified" based upon the invalid regulation. "Substantially justified" means "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). A reasonable person would weigh the Secretary's conduct – not only during adjudication proceedings, but also at the outset – in the promulgation of a regulation that impinges on the substantive rights of veterans. When the Secretary chooses to ignore Congress'

---

[2]    The first prong of the Chevron analysis asks "whether Congress has directly spoken to the precise question at issue." Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842 (1984). If so, courts, "as well as the agency, must give effect to the unambiguously expressed intent of Congress." Id. at 843.

04-7136                                      3

intent by adopting a regulation contrary to law, the VA cannot then hide behind the lack of a "prior adverse reaction" as the only support for its actions. In doing so, his position was not substantially justified.