DAVIS, Judge,
dissenting:
Because the Secretary’s position was not substantially justified, and specifically, it was contrary to judicial precedent, I must respectfully dissent. See White v. Nicholson, 412 F.3d 1314, 1317 (Fed.Cir.2005) (evaluating “substantial justification” by, among other things, “consistency with judicial precedent ... and action or failure to act, as reflected in the record on appeal and the filings of the parties”).
The Secretary adopted the following position before the Federal Circuit: “It is well established [ ] that lay witnesses are not competent to offer opinion testimony on matters requiring specialized skill or training, such as matters of medical diagnosis or etiology.” Secretary’s Brief at 14. In other words, the Secretary supported the proposition that a lay person is per se not competent to provide diagnosis or etiology of any condition, and thus, this evidence alone could not establish service connection.
That position was unequivocally rejected nearly eight months prior in Buchanan v. Nicholson, 451 F.3d 1331 (Fed.Cir.2006), a case that was noticeably absent from the Secretary’s brief (the appellant’s brief did at least cite this controlling case). In Buchanan, the Federal Circuit held:
*19 [T]he Board’s statement, that the lay statements lack credibility absent confirmatory clinical records to substantiate such recollections ... reflects a legally untenable interpretation of the above enumerated statutory and regulatory provisions: that absent confirmatory medical evidence, lay evidence lacks credibility. While the lack of contemporaneous medical records may be a fact that the Board can consider and weigh against a veteran’s lay evidence, the lack of such records does not, in and of itself, render lay evidence not credible. Such an interpretation is unreasonable because it would render portions of the statutes and regulations meaningless as it would read out the option of establishing service connection based on competent lay evidence.
Id. at 1336. Significantly, the Federal Circuit held that the statutory and regulatory provisions “make clear that competent lay evidence can be sufficient in and of itself.” Id. at 1335. Thus, even an exceedingly narrow interpretation of Buchanan’s holding would tend to put a reasonable person on notice that lay evidence should not be summarily dismissed. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed.Cir.2007) (noting that under Buchanan, the determination that “ ‘competent medical evidence is required ... [when] the determinative issue involves either medical etiology or a medical diagnosis’ is too broad”). In the same sense, Buchanan made clear that the Secretary cannot continue to reject lay evidence as a matter of law when it pertains to medical diagnosis or etiology; rather, such evidence must be weighed by the fact finder to determine its import. See Buchanan, 451 F.3d at 1337 (noting that it is the Board’s obligation to determine “whether lay evidence is credible in and of itself’); see also Jandreau, 492 F.3d at 1377 (“Whether lay evidence is competent and sufficient in a particular case is a fact issue to be addressed by the Board rather than a legal issue to be addressed by the Veterans’ Court.”). Perhaps most damaging to the Secretary’s position is that the Secretary neither acknowledged nor distinguished Buchanan in support of his view; he simply ignored it. The majority decision now attempts to do this on his behalf and apply its post hoc rationalization to the Secretary’s filings before the Federal Circuit. This is not the role of the Court.
In sum, contrary to the majority, Jan-dreau did not break new ground. The Federal Circuit had already concluded in Buchanan that competent lay evidence can be sufficient in and of itself for proving the existence of a chronic disease, and Jan-dreau simply reiterated the point that lay evidence must be weighed by the fact finder to determine its competence. Because the Secretary ignored then-existing law before the Federal Circuit, I would not find the Secretary’s position substantially justified and would award attorney fees to the appellant.
GREENE, Chief Judge, filed the opinion of the Court.
DAVIS, Judge, filed a dissenting opinion.