**William Eugene OWEN, as Executor of the Estate of Caroline Pearson Payne, Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee.**

**Appeal No. 87–1405.**

United States Court of Appeals, Federal Circuit.

Nov. 25, 1988.

Kenneth A. Pels, Borzilleri, Baker & Pels, Washington, D.C., argued, for plaintiff-appellant. With him on the brief, was Andrew F. Reish.

Maria A. Iizuka, Dept. of Justice, Washington, D.C., argued, for defendant-appellee. With her on the brief, were Roger J. Marzulla, Acting Asst. Atty. Gen., Frank W. Donaldson, U.S. Atty., Birmingham, Ala., Patricia N. Young and Martin W. Matzen. Also on the brief, was Carolyn J. Lynch, U.S. Army Corps of Engineers, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, FRIEDMAN, RICH, SMITH, NEWMAN, BISSELL, ARCHER and

MAYER, Circuit Judges,* and
BENNETT, Senior Circuit Judge.

PER CURIAM.

Appellant's counsel having succeeded on appeal in overturning a Claims Court judgment for the defendant in this taking case, *Owen v. United States*, 851 F.2d 1404 (Fed. Cir.1988), now moves for attorney fees, expenses, and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (Supp. IV 1986). We deny and dismiss the motion.

## OPINION

In a civil action other than tort the EAJA provides for payment of attorney fees and other expenses to a "prevailing party" (other than the United States), unless the court finds that the position of the United States was "substantially justified or that special circumstances make an award unjust." The application must be made within 30 days of final judgment. The section limits the size of fees to $75 per hour, with qualifications not in issue here, and requires an itemized statement showing actual time expended by counsel and the rate at which fees and other expenses are computed.

The Supreme Court has recently defined substantial justification as " 'justified in substance or in the main,' that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, —— U.S. ——, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). Here, the government argues that since it relied on our precedents which were overturned in banc, its position until then was substantially justified and reasonable. We agree this alone is sufficient for the motion to fail under the EAJA but there are two additional reasons equally cogent.

*Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), was a civil rights case with multiple claims. Petitioners succeeded on some and not on others. The district court did not separate the failures from the successes and award-

ed a fee under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (1982). The Eighth Circuit affirmed, but the Supreme Court vacated the judgment and remanded, laying down the guideline that time spent on the unsuccessful claims should be excluded in determining the fee. The court emphasized the importance of counsel maintaining billing time records in a manner enabling a reviewing court to identify distinct claims. Absent records to support necessary itemization for the trial court's consideration, the Supreme Court stated that it would not view with sympathy an argument that the district court had abused its discretion in denying fees.

In *Austin v. Department of Commerce*, 742 F.2d 1417 (Fed.Cir.1984), this court, citing *Hensley*, held in a civil service case, for attorney fee purposes, that a prevailing party under the EAJA is one succeeding on any significant issue which achieves some of the benefits sought by the suit. In other words, the court said that to be a prevailing party it was not necessary to be a victor only after entry of a final judgment following a full trial on the merits. Attorney fees were denied, however, because the court merely remanded the case for trial without expressing any opinion on the merits. It was held that while Congress intended to permit interim fee awards, its intent was to permit such an interlocutory payment only to a party who has established entitlement to some relief on the merits of the claim. This was entirely consistent with *Hanrahan v. Hampton*, 446 U.S. 754, 757, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980), which similarly construed the term "prevailing party" in the context of the Civil Rights Attorney's Fees Awards Act. We are shown no reason and no authority for applying a different interpretation because the term as defined appears in different statutes. From all this, plaintiff nevertheless argues that since it achieved a reversal on a significant point of law in the case the award of attorney fees, expenses, and costs should follow.

---

* Circuit Judges Nies and Michel took no part in the decision of July 18, 1988, and took no part

in this matter.

Finally, reference back is made to the Supreme Court decision in *Hensley* which required a full itemization for statutory compliance of any claim for attorney fees sought for a prevailing party. We have adhered to this requirement. In *Naporano Iron & Metal Co. v. United States*, 825 F.2d 403 (Fed.Cir.1987), this court affirmed the Claims Court which denied fees under the EAJA in the absence of contemporaneous records of the exact time spent by attorneys on a case, their status and usual billing rates, and a breakdown of expenses. This showing was held necessary to determine the reasonableness of the fees claimed. Contemporaneous records were held essential to support the claim.

In summary, and judged against the foregoing standards, the present motion is fatally flawed for three reasons. First, the position of the government was substantially justified when it was taken, based on precedents then standing. Second, while plaintiff-appellant succeeded in obtaining a reversal of the trial court's judgment on the pleadings by in banc action on appeal, we did not reach the merits. Instead, we remanded for a trial on the merits. Thus, there is no prevailing party as yet. Finally, there is insufficient documentation. The claim submitted with the motion is as follows:

Bill of costs (filed separately and itemized on proper form) .................. $ 541.18
Administrative support cost (150 hours at $35 per hour) ........................ 5,250.00
Senior counsel, research and factual investigation and brief preparation (140 hours at $125 per hour)........... 17,500.00
Associate counsel, research and preparation of brief and submission of costs (145 hours at $100 per hour)........... 14,500.00

Total.................................. $37,791.18

The submission is deficient on its face under the EAJA for lack of specificity under the authorities above cited.

## COSTS

The parties will bear their own costs.

**DENIED AND DISMISSED.**