**Earl CLEMMONS, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 97–2138.**

United States Court of Appeals for Veterans Claims.

March 11, 1999.

[2]. U.S. Bureau of Labor Statistics, CPI Detailed   Report for September 1998.

Kenneth B. Mason was on the pleadings for the appellant.

Leigh A. Bradley, General Counsel; Ron Garvin, Assistant General Counsel; Michael A. Leonard, Deputy Assistant General Counsel; and Cristine D. Senseman were on the pleadings for the appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Judges.

KRAMER, Judge:

The appellant, Earl Clemmons, appealed an October 22, 1997, decision of the Board of Veterans' Appeals (BVA or Board) denying reopening of his claim for service connection for schizophrenia. Subsequently, the Secretary filed an unopposed motion to remand the matter based upon the decision of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Hodge v. West*, 155 F.3d 1356 (Fed.Cir.1998). On October 8, 1998, the Court granted the Secretary's unopposed motion. Issues with respect to the appellant's application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), are the subject of this opinion. For the reasons set forth below, the Court will deny the EAJA application.

## I. THE PARTIES' ARGUMENTS

The appellant has filed a timely EAJA application arising from the Court's granting of the Secretary's unopposed motion to remand based upon the decision of the Federal Circuit in *Hodge* reversing this Court's test for new and material evidence first set forth in *Colvin v. Derwinski*, 1 Vet.App. 171 (1991). The only question at issue is whether the Secretary's position was substantially justified. The Secretary argues that his po-

sition at the administrative stage was substantially justified because the Board, in determining that new and material evidence had not been presented, relied upon the long-standing precedent set forth in *Colvin*. The Secretary also argues that during litigation before the Court, he acted with substantial justification because he made a timely motion to remand the matter pursuant to *Hodge*. The appellant, in essence, argues: (1) that *Colvin* was wrongly decided in not following the Secretary's regulation; (2) that the Federal Circuit overturned it for that reason; (3) that the Secretary "fail[ed] to appeal the *Colvin* case; and because the veteran had the right here to rely on the Secretary's regulation, the government should not have litigated this case or refused to agree to a remand sooner," (Appellant's Application for Attorney Fees and Expenses at 2); (4) that the "regulation has remained the law throughout and was not changed by the *Hodge* decision," (Appellant's Reply at 1); (5) that "the veterans benefits law did not evolve in the *Colvin* case [as a]t that time the law was clearly contained in [the regulation]," (*id.*); and (6) that "[t]he failure of the Secretary to appeal *Colvin* in defense of his own regulation leads to the conclusion that the position of the Secretary in all subsequent cases relying on *Colvin* [was not] substantially justified," (*id.*).

## II. ANALYSIS

Because the appellant has alleged that VA's position was not substantially justified, the burden to establish substantial justification rests with the Secretary. *See Olney v. Brown*, 7 Vet.App. 160 (1994); *Stillwell v. Brown*, 6 Vet.App. 291 (1994). To demonstrate substantial justification the Secretary must show that his position was "justified to a degree that would satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). In order to determine whether the government's position was substantially justified, the Court considers the totality of the circumstances. *Olney*, 7 Vet.App. at 162.

To the extent that the appellant attempts to put at issue the Secretary's action in *Colvin*, the Court notes that substantial justifi-

cation must be shown for the Secretary's action in this case, not in *Colvin*. *See Stillwell*, 6 Vet.App. at 302–03. The Court holds that the Secretary's position at the administrative level was substantially justified because the Board clearly relied upon then-current law. *See Rhodan v. West*, 12 Vet. App. 55 (1998). In *Rhodan* the Court held that even where the BVA has notice that the law will change in the future, not the situation here, the BVA only need apply that law in effect at the time of its decision. *See id.* at 57. The appellant's unstated but implicit premise that the BVA should have ignored *Colvin* and simply followed its own intuitive view of the regulation is so lacking in merit that it falls of its own weight. *See Suozzi v. Brown*, 10 Vet.App. 307 (1997) ("VA is bound to follow the controlling precedential decisions of this Court."); *Tobler v. Derwinski*, 2 Vet.App. 8, 14 (1991) ("We hold that a decision of this Court, unless or until overturned ... [is] authoritative and binding as of the date the decision is issued and ... [is] to be followed by VA agencies of original jurisdiction, the Board of Veterans' Appeals, and the Secretary in adjudicating and resolving claims."). As to the reasonableness of the Secretary's actions at the litigation stage, the appellant's unstated but implicit premise is that the Secretary should have moved for an earlier remand at the Court, prior to the issuance of *Hodge*, because he should have known that *Colvin* was wrongly decided. For the same reason that the BVA was substantially justified in following *Colvin*, this argument is likewise rejected. *See Suozzi* and *Tobler, supra.*

### III. CONCLUSION

Upon consideration of the foregoing analysis and the pleadings of the parties, the appellant's application for reasonable attorney fees and expenses under the EAJA is DENIED.