Peter J. WISNER, Appellant,

and

Herbert G. Abbs, Appellant,

v.

Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.

Nos. 97–701 and 97–1454.

United States Court of Appeals
for Veterans Claims.

April 14, 1999.

Kenneth M. Carpenter, Topeka, KS, was on the pleadings for appellant Peter J. Wisner.

Clayte Binion, Fort Worth, TX, was on the pleadings for appellant Herbert G. Abbs.

Leigh A. Bradley, General Counsel; Ron Garvin, Assistant General Counsel; Joan E. Moriarty, Deputy Assistant General Counsel; and Todd A. Sinkins, Washington, DC, were on the pleadings for appellee.

Before IVERS, STEINBERG, and GREENE, Judges.

STEINBERG, Judge:

The appellants in these consolidated cases both filed timely Notices of Appeal as to decisions of the Board of Veterans' Appeals (BVA or Board) declining to reopen previously and finally disallowed claims for Department of Veterans Affairs (VA) service connection for a specified disability in each case. The Court in each case vacated the BVA decision in question and remanded the matters for readjudication. Each appellant then filed an application for an award of reasonable attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). For the reasons set forth below, the Court will deny the EAJA applications.

## I. Relevant Background

### A. The Wisner Case

On May 5, 1997, the appellant, veteran Peter J. Wisner, appealed pro se an April 8, 1997, BVA decision finding that new and material evidence had not been presented to reopen a previously and finally disallowed claim for VA service connection for a psychiatric disorder. On October 2, 1998, the parties (the appellant then represented) filed a joint motion to remand that matter to the Board based upon the decision of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Hodge v. West*, 155 F.3d 1356 (Fed.Cir.1998), which had been issued on September 16, 1998. *Hodge* overruled the test for materiality set forth by this Court in *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991), regarding reopening of previously disallowed claims under 38 U.S.C. § 5008; *see also* 38 C.F.R. § 3.156(a) (1998). *Hodge*, 155 F.3d at 1362. On October 7, 1998, the Court granted that motion and vacated the BVA decision and remanded the matter. On October 30, 1998, the appellant timely filed an application for an award of reasonable attorney fees under the EAJA, seeking $4,627.76 in fees. On December 9, 1998, the Secretary filed a response, arguing that his position

was substantially justified. On December 18, 1998, the appellant filed a reply.

## B. The Abbs Case

On August 15, 1997, the appellant, veteran Herbert B. Abbs, appealed through counsel a May 20, 1997, BVA decision finding that new and material evidence had not been presented to reopen a previously and finally disallowed claim for VA service connection for a chronic nervous disorder. On October 2, 1998, the Secretary filed an unopposed motion to remand that matter to the Board based on the Federal Circuit's decision in *Hodge, supra.* On October 8, 1998, the Court granted that motion and vacated the BVA decision and remanded the matter. On November 5, 1998, the appellant timely filed an application for an award of reasonable attorney fees under the EAJA, seeking $3,839.50 in fees. On November 25, 1998, the Secretary filed a response, arguing that his position was substantially justified. On December 14, 1998, the appellant filed a reply.

## C. The Consolidated Cases

On December 29, 1998, the Court, sua sponte, ordered that the two cases be consolidated for concurrent consideration of the appellants' applications for attorney fees and expenses and submitted the issue to a panel for decision without oral argument. On January 22, 1999, the Court ordered that the Secretary file a response, in a single pleading, to the appellants' December 14 and 18, 1998, replies, respectively, regarding the issue of substantial justification. On February 22, 1999, the Secretary responded.

## II. Analysis

### A. Jurisdictional Requirements

This Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F), as amended by section 506 of the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992). The appellants' EAJA applications were filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B) and have satisfied any jurisdictional content requirements that apply because the applications contained the following: (1) A showing that, by virtue of the Court's remand, they are prevailing parties within the meaning of the EAJA; (2) a showing that they are parties eligible for an award under the EAJA because the net worth of each does not exceed $2,000,000.00; (3) an assertion that the position of the Secretary was not substantially justified; and (4) an itemized statement of the fees sought supported by an affidavit from the appellants' counsel. *See* 28 U.S.C. § 2412(d)(1)(A) and (B), (2)(B); *Chesser v. West*, 11 Vet.App. 497, 499 (1998); *Bazalo v. Brown*, 9 Vet.App. 304, 308 (1996), *rev'd on other grounds sub nom. Bazalo v. West*, 150 F.3d 1380, 1384 (Fed.Cir.1998) (concluding that showing of net worth not jurisdictional requirement).

### B. Substantial Justification

 When the above basic elements of an EAJA application are satisfied, the Court will award attorney fees "unless the [C]ourt finds that the position of the United States was substantially justified". 28 U.S.C. § 2412(d)(1)(A); *Stillwell v. Brown*, 6 Vet. App. 291, 301 (1994). The appellants here have alleged, pursuant to 28 U.S.C. § 2412(d)(1)(B), that the Secretary's position was not substantially justified, and that is the only question at issue here. The Secretary, therefore, "has the burden of proving that [his] position was substantially justified in order to defeat the appellant[s'] EAJA application[s]". *Stillwell, supra.* In order to demonstrate substantial justification, the Secretary must show that his position was "justified to a degree that would satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). In order to avoid the payment of attorney fees and expenses, the Secretary must prove that his position was substantially justified at both the adjudicative (BVA) and litigation (here) stages. *See Locher v. Brown*, 9 Vet.App. 535, 537 (1996). This Court applies the following standard for determining whether the Secretary's position was substantially justified:

> VA must demonstrate the reasonableness, in law and fact, of the position of the VA in a matter before the Court, and of the action or failure to act by the VA in a

matter before the VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court.

*Stillwell,* 6 Vet.App. at 302–03. In *Stillwell,* the Court noted that " 'a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.' " *Ibid.* (quoting *Pierce,* 487 U.S. at 566 n. 2, 108 S.Ct. 2541).

■ On March 11, 1999, subsequent to the pleadings filed in these cases, this Court, in *Clemmons v. West,* denied EAJA fees and expenses because it found that the Secretary's position was substantially justified at both the administrative and litigation stages where the Board had applied *Colvin* and where the Secretary had moved, without significant delay, that the Court remand that matter to the Board for application of *Hodge,* 155 F.3d at 1364. *Clemmons,* 12 Vet.App. 245, 246–47 (1999). Here, as in *Clemmons, Hodge* was the sole reason for the remands, and the appellants present, in part, the same arguments as in *Clemmons,* 12 Vet.App. at 246—that the Board was unreasonable in relying on *Colvin* and not on 38 C.F.R. § 3.156(a) because the Court's analysis in *Colvin* was contrary to law and that the Secretary was unreasonable in not challenging this Court's interpretation of § 3.156(a) in *Colvin* or any subsequent case.

The appellants also contend that the Secretary's reliance on *Owen v. United States,* 861 F.2d 1273 (Fed.Cir.1988), is misplaced because, they contend, the position of the government in *Owen* was substantially justified in its reliance on precedents later overturned by the Federal Circuit en banc, whereas in each of the instant cases the government relied on *Colvin,* which was clearly erroneous in that the Court had failed to give due deference, as required by *Chevron v. Natural Resources Defense Council,* 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), to

the Secretary's regulation. *See* December 18, 1998, Wisner Reply at 6; December 14, 1998, Abbs Reply at 3; *Owen,* 861 F.2d at 1274–75 (holding that "government position [is] substantially justified when it [is] taken, based on precedents then standing", even though they are later overruled). The appellants further argue that the Board's decisions were unreasonable in not being based upon "applicable provisions of law and regulation" as required by 38 U.S.C. § 7104(a) because the Board failed to apply a "reasonable definition" of 38 C.F.R. § 3.156(a). *See* December 18, 1998, Wisner Reply at 6; December 14, 1998, Abbs Reply at 3. The Court notes, however, that the Federal Circuit in *Owen* did not examine whether the overturned precedents were ever legally correct or provided a "reasonable definition" of an applicable regulation; rather, the Federal Circuit made a blanket statement that reliance on precedential opinions alone is sufficient to establish that the government's position was reasonable for EAJA purposes. *Owen,* 861 F.2d at 1274.

Appellant Abbs asserts that the Board was unreasonable in failing to apply 38 C.F.R. §§ 4.125(b) and 4.128 (1996), VA regulations dealing with changes in diagnoses of mental disorders and convalescence ratings following extended hospitalization, respectively. "To determine whether the Secretary has demonstrated that his position was 'reasonable' during the litigation proceedings, the Court looks to the circumstances surrounding the resolution of the dispute." *Dillon v. Brown,* 8 Vet.App. 165, 168 (1995). It is clear from the Court's October 2, 1998, remand order that the Court remanded solely on the *Hodge* issue. Thus, the Board's not applying those regulations is irrelevant for EAJA "substantial justification" purposes because that failure was in no way a basis for the Court's remand of the case. *See Carpenter (Angeline) v. West,* 12 Vet.App. 316, 320–21 (1999); *Rhodan v. West,* 12 Vet.App. 55, 58 (1998); *Dillon, supra.*

Accordingly, the Court cannot find that the Secretary's position at the administrative level in these cases was not substantially justified when "the Board clearly relied upon then-current law" under *Colvin, supra. See*

*Clemmons, supra* (discussing *Rhodan, supra*); *see also Owen,* 861 F.2d at 1274–75. Moreover, the Court cannot find that the Secretary acted unreasonably when in each case the Secretary moved, without significant delay, after the issuance of the *Hodge* decision, for this Court to remand these cases to the Board. *See Clemmons, supra.* Accordingly, because the facts of these cases are not meaningfully different from the facts in *Clemmons,* the Court holds that the Secretary's position at both the administrative and litigation stages in each case was substantially justified in terms of reliance on *Colvin* and application of *Hodge. See Clemmons, Owen,* and *Locher,* all *supra.*

 However, the appellants here argue additionally that, because for the purposes of the EAJA "United States" includes "any agency and any official … acting in his or her official capacity" and "position of the United States" includes "the action or failure to act by the agency upon which the civil action is based", 28 U.S.C. § 2412(d)(2)(C) and (D), this Court is an agency of the United States government for purposes of whether the position of the United States was substantially justified. The appellants maintain that the Court's position in deciding *Colvin* was not substantially justified because it was in direct contravention of controlling Supreme Court precedent (*Chevron, supra*) that required that deference be given to VA's regulatory interpretation of a statute, if that interpretation is reasonable.

This Court is explicitly included as a "court" under 28 U.S.C. § 2412(d)(2)(F) (as amended by the Veterans Programs Enhancement Act of 1998, Pub.L. No. 105–368, § 512(b)(1)(B), 112 Stat. 3315, 3342 (1998)) (" 'court' includes … the United States Court of Appeals for Veterans Claims"), and our adjudication of veterans' claims is a judicial activity, independent of the Secretary's position, *cf. Cummings v. Sullivan,* 950 F.2d 492, 495–97 (7th Cir.1991) (considering for EAJA purposes that determinations that are adjudicative in nature but taken on behalf of the Secretary and thus not independently are the position of agency of United States). We agree with the Secretary that the language of section 2412(d)(2)(D) contra- dicts the appellants' interpretation that the Court is "an agency **upon which** the civil action is based." 28 U.S.C. § 2412(d)(2)(D) (emphasis added). Here, the civil action is one against VA (through the Secretary) and is brought *in* this Court not *as to* actions *of* this Court. Finally, the Court has defined the framework within which it will determine "substantial justification" to include the "merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, *as reflected in the record on appeal and the filings of the parties before the Court." Stillwell,* 6 Vet.App. at 302 (emphasis added).

We hold, therefore, that the Court is not an agency of the United States for EAJA purposes. *See* 28 U.S.C. § 2412(d)(2)(D), (F); *Cummings, supra.* Because we so hold, we need not reach the question of whether our *Colvin* materiality test regarding reopening of previously disallowed claims under 38 C.F.R. § 3.156(a) was substantially justified.

### III. Conclusion

Upon consideration of the foregoing analysis and the pleadings of the parties, the Court, having held that the Secretary was substantially justified in both his adjudicative and litigation positions in each case, denies the appellants' EAJA applications.

APPLICATIONS DENIED.