# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-1731 (E)

Dorothy Rollins, Appellant,

v.

Anthony J. Principi,
Secretary of Veterans Affairs, Appellee.

On Appellant's Application for Attorney Fees and Expenses

(Decided    September 25, 2003  )

*Daniel G. Krasnegor* and *Christopher A. Glaser*, both of Washington, D.C., were on the pleadings for the appellant.

*Tim S. McClain*, General Counsel; *Ron Garvin*, Assistant General Counsel; *Mary Ann Flynn*, Deputy Assistant General Counsel; and *John D. McNamee*, all of Washington, D.C., were on the pleadings for the appellee.

Before IVERS, STEINBERG, and GREENE, *Judges*.

STEINBERG, *Judge*:  The appellant, through counsel, previously appealed an August 2, 2000, Board of Veterans' Appeals (BVA or Board) decision that had (1) denied her claims for a rating greater than 10% for each of her Department of Veterans Affairs (VA) service-connected disabilities (tendonitis of the right and left ankles), and (2) remanded her claim for VA service connection for Parkinson's disease.  Prior to briefing, the parties submitted a joint motion for remand; the Court, by order of the Clerk of the Court, granted that joint motion on May 9, 2001. *Rollins v. Principi*, No. 00-1731 (U.S. Vet. App. May 9, 2001) (unpublished order) (*Rollins I*). Currently pending before the Court are the appellant's applications, timely filed through counsel, for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA).  The Secretary has filed a response in opposition to the application, and the appellant has filed a reply thereto and a supplemental EAJA application.  Additionally, the appellant and the Secretary have

each filed a supplemental memorandum of law in response to a December 5, 2002, Court order. For the reasons that follow, the Court will deny the EAJA applications.

## I. Relevant Background

On May 3, 2001, the parties, referring to the need for readjudication in light of the enactment of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), and this Court's opinions in *Holliday v. Principi*, 14 Vet.App. 280 (2001), and *Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991), filed a joint motion to vacate the August 2000 BVA decision and to remand the matter for readjudication. The joint motion provided:

> The BVA's decision in the instant case was made on the basis of chapter 51's previous requirements as to providing notice and obtaining evidence. Remand for readjudication in light of the VCAA is required.
>
> . . . .
>
> Because the criteria for providing notice, developing evidence and deciding benefits claims have been fundamentally altered, any purported or perceived errors in the appealed BVA decision will be mooted by the provisions of the VCAA or can be properly raised and remedied on remand. It would be premature for the Court to address them.

Joint Motion (Mot.) at 2-3 (citations omitted). The joint motion also stated as follows:

> The parties agree that on remand and readjudication, the BVA will address the applicability of 38 C.F.R. § 3.321 [(2000)] and [38 C.F.R. § 4.71a,] Diagnostic Code [(DC)] 5262. The Board should also address the significance of language in a May 25, 1999, [compensation and pension (C&P)] examination report from the West Palm Beach [VA Medical Center] by Dr. Guerzon: "[The appellant] has not worked since then" (Record on Appeal at 242). Finally, [the a]ppellant will be afforded a new examination.

*Id*. at 3. As to the preceding instructions, the motion stated: "The parties agree that these instructions to the BVA do not constitute a confession of error by the Secretary in the Board decision." *Id*. at 3 n.1. The joint motion further stated: "In any subsequent decision, the Board

2

***must*** set forth adequate reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record. *See* 38 U.S.C. § 7104(d)(1); *Gilbert v. Derwinksi*, 1 Vet.App. 49 (1990)." *Id.* at 4 (emphasis added).

The Clerk of the Court granted this motion on May 9, 2001, pursuant to his authority under Rule 45(g)(2) of the Court's Rules of Practice and Procedure to act on unopposed motions to "remand a case"; that order stated in full:

> The parties, noting that remand is required due to the enactment of the [VCAA], have filed a joint motion to remand this appeal to the [BVA]. It is
>
> ORDERED that the motion is granted and that part of the BVA's decision that denied[] (1) an increased evaluation in excess of 10% for tend[o]nitis of the right ankle; and (2) an increased evaluation in excess of 10% for tend[o]nitis of the left ankle is vacated. The matter is remanded pursuant to 38 U.S.C. § 7252(a). Under Rule 41(b) of the Court's Rules of Practice and Procedure, this order is the mandate of the Court.
>
> Any application authorized by 28 U.S.C. § 2412 for attorney fees and expenses must be received within 30 days after the date of this order.

*Rollins I, supra*.

On June 8, 2001, the appellant filed an EAJA application seeking $6,716.41 in attorney fees and expenses. The appellant asserts that she is a prevailing party under either the "inevitable-victory" theory or the "catalyst" theory. Application (Appl.) at 4-11. She further asserts that, despite the parties' agreement in the joint motion that "the instructions to the BVA did not constitute a confession of error by the Secretary," the Secretary's position at the administrative level was not substantially justified because the Board decision failed to address 38 C.F.R. § 3.321 and DC 5262, and because VA failed to afford the veteran a thorough and contemporaneous examination. Appl. at 4, 11-15. In his response, the Secretary argues that the appellant is not a prevailing party, and, alternatively, that the position of the Secretary at the administrative and litigation levels was substantially justified. Response (Resp.) at 4-16. In her reply, the appellant asserts that the Secretary did not meet his burden of demonstrating that his actions were substantially justified. Reply at 3-6.

3

The appellant also submitted a supplement to her original EAJA application; she seeks an additional $587.46 in attorney fees and expenses for the time spent to prepare the reply brief. Reply at 7-10.

On December 5, 2002, the Court issued an order directing the parties to file supplemental memoranda addressing the impact on the present matter of the Court's opinions in *McCormick v. Principi*, 16 Vet.App. 407 (2002), *Briddell v. Principi*, 16 Vet.App. 267 (2002), *Vaughn v. Principi*, 15 Vet.App. 277, 280 (2001) (per curiam order) [hereinafter *Vaughn I*], aff'd, 336 F.3d 1351 (Fed. Cir. 2003) [hereinafter *Vaughn II*], and *Sumner v. Principi*, 15 Vet.App. 256 (2001) (en banc), *aff'd sub nom. Vaughn II*, *supra*, as well as any other pertinent precedent. *Rollins v. Principi*, No. 00-1731, 2002 WL 31749082, at *1 (U.S. Vet. App. Dec. 5, 2002) (unpublished order). In her supplemental memorandum of law, the appellant asserts that she is a prevailing party under *Sumner* and *McCormick*, both *supra*, because the Court's remand was a substantive determination in her favor. Memorandum (Mem.) at 2-3. She states: "[The a]ppellant's remand was, in part, in light of this Court's recognition of the Board's error in failing to address the issues raised in the [j]oint [m]otion[,] and the remand was, therefore, 'predicated upon administrative error.'" Mem. at 3. The Secretary counters that the appellant does not meet the *Sumner* prevailing-party standard because the joint motion was based solely on the post-BVA-decision enactment of the VCAA and *Holliday* and *Karnas,* both *supra*, and, thus, did not contain "any confession of error" as to the BVA decision. Mem. at 2-3. He further argues that the Court did not make a finding of administrative error because it "did not entertain any presumptive or perceived error in the Board decision." Mem. at 4.

## II. Analysis
### *A. Jurisdiction*

This Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F). The appellant's June 8, 2001, EAJA application was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B). In order to satisfy applicable EAJA jurisdictional content requirements, an application must, and the instant application did, contain the following: (1) A showing that, by virtue of the Court's remand, the applicant is a prevailing party within the meaning of the EAJA; (2) a showing that the applicant is a party eligible for an award under the EAJA because the applicant's net worth does not exceed $2,000,000; (3) an

allegation that the position of the Secretary was not substantially justified; and (4) an itemized fee statement. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Scarborough v. Principi*, 319 F.3d 1346, 1349 (Fed. Cir. 2003); *Bazalo v. West*, 150 F.3d 1380, 1383-84 (Fed. Cir. 1998); *Briddell,* 16 Vet.App. at 271; *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc).

### B. Prevailing Party

In order to receive an EAJA award, an EAJA applicant must be a prevailing party. *See* 28 U.S.C. § 2412(d)(1)(A) ("court shall award to a prevailing party . . . fees and other expenses"); *Briddell*, *supra*; *Sumner*, 15 Vet.App. at 260-6l; *Cullens*, 14 Vet.App. at 237. The appellant has the burden of demonstrating prevailing-party status under the EAJA. *See Sumner, Briddell,* and *Cullens,* all *supra*. Prevailing-party status arises in either of two ways. The first is through a direction of the Court, evident within the terms of the particular Court decision upon which the appellant is basing the EAJA application, for VA to award VA benefits to the appellant. *Sumner*, 15 Vet.App. at 264-65. The second is through the grant of a merits-stage Court remand that was predicated upon administrative error. *Ibid*. In order for a remand to have been predicated upon administrative error, the remand must either (1) have been directed in a Court opinion, decision, or order that contained a Court recognition of administrative error or (2) have been granted on the basis of a concession of error by the Secretary. *McCormick*, 16 Vet.App. at 411; *Briddell*, 16 Vet.App. at 271-72. The Court will not "investigate at the EAJA prevailing-party stage the validity, type, or nature of the administrative error." *McCormick*, 16 Vet.App. at 411.

The United States Court of Appeals for the Federal Circuit (Federal Circuit) recently affirmed in a consolidated opinion our en banc opinion in *Sumner, supra,* and our opinion in *Vaughn I, supra. See Vaughn II*, 336 F.3d at 1356-57, 1360. On that same day, the Federal Circuit issued an opinion that examined whether an appellant was a prevailing party under the EAJA and held:

> [W]here the plaintiff secures a remand requiring further [administrative] agency proceedings because of alleged error by the agency, the plaintiff ***qualifies as a prevailing party*** (1) ***without regard to the outcome of the agency proceedings where there has been no retention of jurisdiction by the court***, or (2) when successful in the remand proceedings where there has been a retention of jurisdiction.

5

*Former Employees of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1366 (Fed. Cir. 2003) (emphasis added). The Federal Circuit, however, took care to harmonize that holding with its holding in *Vaughn II*:

> This holding is compatible with that of *Former Employees of Motorola Ceramic Products v. United States*, No. 02-1223, also issued today. Although that holding was not unanimous, as explained therein, the facts of these cases are readily distinguishable at the point at which their holdings diverge. Thus, for both Vaughn and Sumner, their request for attorney fees is an intermediate event that did not involve a merit determination, in Vaughn's case a change in law and in Sumner's case the discovery of new evidence. In both cases, the government agreed to a remand to the Board, and the remands have not resulted in a decision on the merits of their claims. In neither case did the Veterans' Court suggest that these new events might change the result; **the Vaughn and Sumner requests for attorney fees are founded solely on the remand for further proceedings without a determination of error**.

*Vaughn II*, 336 F.3d at 1360 (emphasis added).

In this case, there was no direction by the Court to award VA benefits; thus, the Court must determine whether there was a Court remand predicated upon administrative error. As a preliminary matter, it is clear in this case that there was a Court remand.

Next, the Court must determine whether there was a Court recognition of administrative error or whether the Secretary conceded error at the merits stage. *See Sumner, McCormick*, and *Briddell*, all *supra*. The appellant asserts that the Court made a substantive determination in her favor, and, consequently, that there was a Court recognition of administrative error. Mem. at 1-3. The Secretary contends that the remand order did not contain a Court recognition of administrative error because it was based solely on the enactment of the VCAA and this Court's opinions in *Holliday* and *Karnas,* both *supra*, and that the Court thus did not "entertain" any arguments. Mem. at 3-6.

This case is controlled, in part, by the analysis in the Court's opinion in *Vaughn I*. In *Vaughn I*, the appellant's claim was remanded in accordance with *Karnas, supra*, solely in light of the VCAA's enactment subsequent to the Board decision on appeal, and the Court found that that remand based solely on the enactment of the VCAA did not bestow prevailing-party status on the appellant. *Vaughn I*, 15 Vet.App. at 279-80. The Court further stated there: "Given that the sole

6

basis for the remand was the enactment of the VCAA and that the Board's disposition of the case had occurred before the enactment of the VCAA, there could not have been any Board error with respect to the VCAA." *Id.* at 279; *accord Briddell*, 16 Vet.App. at 273-74.

In this case, the August 2000 BVA decision was issued before the enactment of the VCAA, and the Court's May 9, 2001, order stated expressly that the remand proposed in the joint motion was based upon that enactment. *Rollins I, supra*. Thus, *Vaughn I* is dispositive as to the VCAA-remand ground. Unlike in *Vaughn I*, however, the parties' joint motion here contains additional language whereby the parties agreed that, if the Court were to grant the motion and order a remand, on remand the Board (1) "will" address the applicability of 38 C.F.R. § 3.321 and DC 5262, (2) "will" afford to the appellant a new examination, and (3) "must" set forth an adequate statement of reasons or bases for its findings and conclusions on each material issue of fact and law. Joint Mot. at 3. The parties also agreed that the Board should "address the significance of language in a May 25, 1999, C&P examination report." *Ibid*.

Although the Court has not yet addressed whether the grant of a joint-remand motion that contains remand instructions such as those quoted above constitutes a Court recognition of administrative error, this case does not permit the Court to reach such an issue. Upon examination of the language of the Court's *Rollins I* order, it is apparent that the order did not incorporate the terms of the parties' joint motion, but, rather, remanded the matter based only on the enactment of the VCAA. Hence, under these circumstances we need not look at the language in the joint motion in order to determine whether the Court recognized administrative error; on the face of the *Rollins I* Court order, there was no reference to any administrative error.

In order to determine whether the Secretary conceded error in the joint motion, we do need to turn to the language of that motion. The remand instructions in the joint motion recite an agreement by the parties regarding the conduct of the remand proceedings; they contain no language that expressly, or by necessary implication, recognizes Board error. Indeed, as part of the joint motion, the parties expressly proclaim that "it would be premature for the Court to address" any "purported or perceived errors in the appealed BVA decision." Joint Mot. at 3. Moreover, the joint motion expressly states that the Secretary did not concede error: "The parties agree that these

7

instructions to the BVA do not constitute a confession of error by the Secretary in the Board decision." Joint Mot. at 3 n.1.

Because the Court's May 2001 *Rollins I* order was based solely on the enactment of the VCAA and in light of the above analysis, the Court holds that there was no Court recognition of administrative error in the May 2001 Court order. *See Sumner*, *McCormick*, and *Vaughn I,* all *supra*; *Briddell*, 16 Vet.App. at 271-72; *see also Vaughn II,* 336 F.3d at 1356-57, 1360. Likewise, the Court holds that the Secretary did not concede administrative error in the joint motion granted by that order. *See Sumner*, *Briddell,* and *McCormick*, all *supra*; *see also Vaughn II, supra.* Accordingly, because the Court has determined that the appellant is not a prevailing party, no further inquiry is necessary. *See Briddell*, 16 Vet.App. at 275 (citing *Sumner*, 15 Vet.App. at 261, 265).

Finally, as to the appellant's reliance on the "inevitable-victory" theory or the "catalyst" theory as bases for establishing prevailing-party status under the EAJA, both of these theories have been rejected by the Court in light of the Supreme Court's opinion in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001). *See Vaughn I, supra* (rejecting "inevitable-victory" theory); *Thayer v. Principi,* 15 Vet.App. 204, 211 (2002) (rejecting "catalyst" theory), *appeal dismissed per stipulation,* No. 02-7012, 2002 WL 2004692 (Fed. Cir. Aug. 20, 2002) (dismissing appeal upon appellant's motion in light of *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371 (Fed. Cir. 2002) (holding that "catalyst theory" does not support award for attorney fees under EAJA)).

### III. Conclusion

Upon consideration of the foregoing analysis, the appellant's June 8, 2001, EAJA application and August 6, 2001, supplemental EAJA application are denied.

APPLICATIONS DENIED.