# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-1039(E)

LEAMON JOHNSON, JR., APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Decided    January 29, 2004   )

*AnnMarie D. Leikauf*, of Branchburg, New Jersey, was on the pleading for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel*; Thomas A. McLaughlin*, Special Assistant to the Assistant General Counsel; and *Adam K. Llewellyn*, all of Washington, D.C., were on the pleading for the appellee.

Before FARLEY, IVERS, and STEINBERG, *Judges*.

STEINBERG, *Judge*, filed the opinion of the Court.  IVERS, *Judge*, filed a concurring opinion.

STEINBERG, *Judge*:  This case is before the Court on the appellant's September 2, 2003, application for reasonable attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA).  For the reasons set forth below, the Court will deny the application.

## I.  Relevant Background

The appellant, through counsel, previously sought review of a January 29, 2003, Board of Veterans' Appeals (Board or BVA) decision that denied service connection for both a low-back disability and a left-leg shortening.  Preparatory to rendering its January 2003 decision, the Board "undertook additional development with respect to the issues on appeal, pursuant to the authority granted by [38 C.F.R. § 19.9(a)(2) (2002)]".  Board Decision at 2.  Regulatory section 19.9(a)(2) then

stated that when "further evidence, clarification of the evidence, correction of a procedural defect, or any other action is essential for a proper appellate decision, a Board Member or panel of Members may . . . [d]irect Board personnel to undertake the action essential for a proper appellate decision." 38 C.F.R. § 19.9(a)(2) (2002) (revision proposed in 68 Fed. Reg. 69062 (Dec. 11, 2003)). On May 1, 2003, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) issued its decision in *Disabled American Veterans v. Secretary of Veterans Affairs*, 327 F.3d 1339 (Fed. Cir. 2003) (*DAV v. Sec'y*), in which it held, in a regulation challenge under 38 U.S.C. § 503, that 38 C.F.R. § 19.9(a)(2), as revised on January 23, 2002, 67 Fed. Reg. 3099, 3104 (effective Feb. 22, 2002), in conjunction with 38 C.F.R § 20.1304 (2002), was invalid because it was "contrary to the requirement of 38 U.S.C. § 7104(a) that 'all questions in a matter which [under section 511(a)] is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary.'" *DAV v. Sec'y*, 327 F.3d at 1341-42 (quoting 38 U.S.C. § 7104(a)). The Federal Circuit noted:

> Before the challenged regulations took effect, if the Board accepted evidence not already considered by the [agency of original jurisdiction (AOJ)] . . . [Department of Veterans Affairs' (VA)] regulations required the Board to refer such evidence to the AOJ for review and preparation of [a Supplemental Statement of the Case] unless the appellant (or representative) waived in writing initial consideration by the AOJ or the Board could grant the benefits sought.

*DAV v. Sec'y*, 327 F.3d at 1343 (citing to 38 C.F.R. §§ 19.9(a)(2), 20.1304 (2002)). The Federal Circuit continued:

> Section 19.9(a)(2), in conjunction with the amended rule . . . § 20.1304, is inconsistent with 38 U.S.C. § 7104(a) because § 19.9(a)(2) denies appellants "one review on appeal to the Secretary' when the Board considers additional evidence without having to remand the case to the AOJ for initial consideration and without having to obtain the appellant's waiver. . . . VA therefore has no choice but to give effect to Congress's clear intent. . . .
>
> . . . .
>
> . . . [E]ven though the amendments to § 19.9 may further [] VA's stated objective of efficiency, striking the sensible balance between decreasing appeal processing times and the competing public

> policy of protecting an appellant's right to due process is a matter for Congress, not this Court. . . . We therefore hold that, as it operates with 38 C.F.R. § 20.1304, § 19.9(a)(2) is invalid.

*DAV v. Sec'y*, 327 F.3d at 1347-48.

Following the Federal Circuit's invalidation of the revised regulatory § 19.9(a)(2), the parties filed on July 28, 2003, a joint motion to vacate the January 2003 BVA decision and remand the matters in order for the Board to "act in compliance with [the Federal Circuit's holding in *DAV v. Sec'y, supra*]" (Motion at 2); on August 1, 2003, the Court granted that motion, vacated the January 2003 Board decision, and remanded the matter for readjudication consistent with the parties' joint motion. *Johnson (Leamon)*, No. 03-1039(E), (Vet. App. Aug. 1, 2003). On September 2, 2003, the appellant filed, through counsel, the instant EAJA application requesting $1,562.50 in attorney fees and $55 in expenses, for a total amount of $1,617.50. Application (Appl.) at 4-8. The appellant contends that he should be awarded EAJA fees because he is a prevailing party and because the Secretary's position was not substantially justified. Appl. at 3. The Secretary filed a response, in which he (1) appears to contend that the appellant's EAJA application should be denied because the appellant is not a prevailing party, and (2) does contend that, even if the Court finds that the appellant has achieved prevailing-party status, a fee award is not warranted under the Court's precedents because the Secretary's position was substantially justified at both the administrative and litigation stages of the proceedings. Response (Resp.) at 3.

## II. Analysis

### A. Jurisdiction

This Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F). Here, the appellant's September 2, 2003, EAJA application was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B) and satisfies any EAJA jurisdictional content requirements, because the application contains the following: (1) A showing that, by virtue of the Court's remand, he is the prevailing party within the meaning of the EAJA; (2) a showing that he is a party eligible for an award under the EAJA because his net worth does not exceed $2,000,000; (3) an allegation that the position of the Secretary was not substantially

justified; and (4) an itemized fee statement. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Scarborough v. Principi*, 319 F.3d 1346, 1349 (Fed. Cir.), *cert. granted*, __ U.S. __, 124 S. Ct. 45, (Sept. 30, 2003); *Bazalo v. West*, 150 F.3d 1380, 1383-84 (Fed. Cir. 1998); *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc); *Rollins v. Principi*, 17 Vet.App. 294, 297-98 (2003).

### B. *Prevailing-Party Status*

In order to receive an EAJA award, an EAJA applicant must be a prevailing party. *See* 28 U.S.C. § 2412(d)(1)(A) ("court shall award to a prevailing party . . . fees and other expenses"); *Sumner v. Principi*, 15 Vet.App. 256, 260-61 (2001) (en banc), *aff'd sub nom. Vaughn v. Principi*, 336 F.3d 1351 (Fed. Cir. 2003); *Cullens, supra*; *Rollins*, 17 Vet.App. at 298*; Briddell v. Principi*, 16 Vet.App. 267, 271 (2002). The appellant has the burden of demonstrating prevailing-party status under the EAJA. *Sumner, Cullens, Rollins,* and, *Briddell*, all *supra.* Prevailing-party status arises in either of two ways. The first is through a direction of the Court, evident within the terms of the particular Court decision upon which the appellant is basing the EAJA application, for VA to award VA benefits to the appellant. *See Sumner*, 15 Vet.App. at 264-65; *Rollins*, *supra*. The second is through the grant of a merits-stage Court remand that was predicated upon administrative error. *See Sumner* and *Rollins*, both *supra.* In order for a remand to have been predicated upon administrative error, the remand must have been either (1) directed in a Court opinion, decision, or order that contained a Court recognition of administrative error or (2) granted on the basis of a concession of error by the Secretary. *See Rollins*, *supra; McCormick v. Principi*, 16 Vet.App. 407, 411 (2002); *Briddell*, 16 Vet.App. at 271-72. "The Court will not 'investigate at the EAJA prevailing-party stage the validity, type, or nature of the administrative error.'" *Rollins*, *supra* (quoting *McCormick, supra*).

In the instant case, the appellant argues that he is a prevailing party for EAJA purposes because his appeal of the January 2003 Board decision that had denied to him VA disability compensation resulted in the vacatur of that decision. Appl. at 2-3. The Secretary suggests that the appellant is not a prevailing party because the appellant obtained remand "based on matters independent from [his] appeal to th[e] Court" (Resp. at 2-3) and because "any material alteration in the parties' legal relationship came about in a manner distinct from what 'Congress sought to promote in the fee statute'" (Resp. at 3 (citing *Texas Teachers Ass'n v. Garland Ind. Sch. Dist.*, 489 U.S. 782, 792-93 (1989))).

4

In the Court's August 2003 remand order, the Court neither directed VA to award benefits, *see Sumner* and *Rollins*, both *supra*, nor indicated that remand was based on either a "Court recognition of administrative error" or the Secretary's "concession of error", *Rollins* and *McCormick*, both *supra*. The Court's remand of the appellant's claim was based on the retroactive application of the Federal Circuit's decision in *DAV v. Sec'y, supra,* and, therefore, was not a remand based on administrative error. *See Sachs v. Principi*, 15 Vet.App. 414, 416 (2002) (concluding that "a remand on the merits that is based on the rule of retroactive application is not a remand predicated upon administrative error for purposes of [the] EAJA . . . [and, t]hus, for purposes of EAJA fees and expenses, the appellant is not a prevailing party as a result of the Court's decision [on the merits]"); *see also Flemming v. Principi*, 16 Vet.App. 52, 53 (2002) (determining that "an appellant receiving a remand under the rule of retroactive application, that is, an appellant who receives a remand solely because of a change in caselaw during the pendency of his or her appeal, is not an EAJA prevailing party"). Accordingly, in the instant case the appellant is not a prevailing party for EAJA purposes and his EAJA application must be denied. *See* 28 U.S.C. § 2412(d)(1)(A); *Sumner, supra*; *Halpern v. Principi*, 17 Vet.App. 225, 227 (2002); *Flemming*, *Sachs*, and *McCormick*, all *supra*. *But see Flemming*, 16 Vet.App. at 55-59 (Steinberg, J., dissenting in part); *Halpern*, 15 Vet.App. at 419-20 (Steinberg, J., dissenting in part).

### C. Substantial Justification

Although the Court concludes that the appellant is not a "prevailing party" for purposes of an award of EAJA fees, the Court also concludes that even if the Court had found the appellant to be a prevailing party, his EAJA application would still be denied. Where, as here, an appellant alleges that the Secretary's position was not substantially justified, the Secretary has the burden to prove that his position was substantially justified at both the administrative and litigation stages. *See Cullens, supra*; *Locher v. Brown*, 9 Vet.App. 535, 537 (1996); *Stillwell v. Brown*, 6 Vet.App. 291, 301 (1994). "'[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Stillwell*, 6 Vet.App. at 302 (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). In *Stillwell*, the Court provided the following further amplification:

> Two special circumstances may also have a bearing upon the reasonableness of the litigation position of . . . VA, and of the action or inaction by . . . VA at the administrative level. One is the evolution of VA benefits law since the creation of this Court that has often resulted in new, different, or more stringent requirements for adjudication. The second is that some cases before this Court are ones of first impression involving good[-]faith arguments of the government that are eventually rejected by the Court.

*Stillwell*, 6 Vet.App. at 303. Furthermore, this Court established in *Stillwell* the following "totality of the circumstances" standard to determine whether the Secretary has carried that burden:

> VA must demonstrate the reasonableness, in law and fact, of the position of . . . VA in a matter before the Court, and of the action or failure to act by . . . VA in a matter before . . . VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court.

*Stillwell*, 6 Vet.App. at 302.

    *1. Administrative Stage.* In demonstrating substantial justification at the administrative level in a case in which the Secretary's regulation has been invalidated, the Secretary, as noted above, must prove substantial justification both in promulgating the regulation and in his position during the adjudication of the claim before the agency. *See Felton v. Brown*, 7 Vet.App. 276, 283 (1994) (*Felton II*). The appellant argues that the Secretary's position was not substantially justified because VA failed "to follow its own regulations . . . [and] acted in violation of 38 U.S.C. §§ 7104(a) and 5103(b)." Appl. at 3. The Secretary counters that he was substantially justified at the administrative level because the invalidation of the revised regulatory § 19.9(a)(2) occurred subsequent to the Board decision and because he acted reasonably in promulgating that revised regulation. Resp. at 4.

    In *Felton II*, this Court denied an EAJA application based on an underlying decision in which the Court had invalidated a VA regulation because "it was not authorized by the statute." *Felton II*, 7 Vet.App. at 282-83. In the *Felton* underlying merits decision, the Court had (1) determined that the regulation's "restriction is clearly in contravention of the statute, and the regulation is, therefore, neither 'appropriate to carry out' nor 'consistent with' the law under 38 U.S.C. § 501(a)"; (2) determined that that "added restriction is an unauthorized limitation on the scope of [the governing

statute]"; and (3) concluded that because the statute "clearly mandated" the benefit sought, the regulation "violates the statue by denying" that benefit. *Felton v. Brown*, 4 Vet.App. 363, 371 (1993) (*Felton I*). During the EAJA litigation, the Court held: "Although we held in the underlying case on the merits that the Secretary's interpretation of the statute, as set forth in [the regulation], was in excess of statutory authority, we cannot say that the Secretary's position had no reasonable basis in law or in fact." *Felton II*, 7 Vet.App. at 283. The Court concluded: "Given the statutory silence on the particular matter and the lack of a conflict with adverse precedent, the Secretary's position during this part of the administrative phase, i.e., in promulgating the regulation at issue, was substantially justified." *Id.* at 284.

Similarly, in *Ozer v. Principi*, 16 Vet.App. 475 (2002) (*Ozer II*), this Court, in reliance on *Felton II*, held that the Secretary's position in promulgating the regulation was substantially justified, despite a later invalidation of the regulation at issue in that case, because the "case was one of first impression", "there was no prior disapproval of or challenge to the regulation", and a reasonable person could find that the Secretary's position was reasonably based in fact or law. *Ozer II*, 16 Vet.App. at 479. The decision in the underlying merits adjudication in *Ozer* had invalidated a regulation because it imposed a limitation that was neither contained in, nor authorized by, the statute at issue. *Ozer v. Principi*, 14 Vet.App. 257, 264 (2001) (*Ozer I*). In denying an award of EAJA fees, the Court determined that *Ozer I* was indistinguishable from *Felton I* because "the essence of the merits decision on the validity of the regulation in each case is the same: The regulation contravened the plain language of the statute and thus was invalid." *Ozer II*, 16 Vet.App. at 478. Based on *Felton I*, the Court held that the Secretary was substantially justified in promulgating the regulation. *Ibid*.

In the instant case, the Secretary argues that his position at the administrative level was substantially justified because "VA's stated intent behind the new regulations was 'to shorten appeal processing time and to reduce the backlog of claims awaiting decision'" (Resp. at 6 (citing 66 Fed. Reg. 40942 (Aug. 6, 2001) (publishing proposed regulation for notice and consent)); he further asserts that the final rule was adopted and published only after "VA acknowledged numerous comments from a variety of commenters." Resp. at 6. Although the appellant contends that the Secretary's position was not substantially justified because VA failed "to follow its own regulations

. . . [and] acted in violation of 38 U.S.C. §§ 7104(a) and 5103(b)" (Appl. at 3), he has failed to show how the instant case is distinguishable from either *Ozer II* or *Felton II*. Because the Court holds that the Federal Circuit's holding in *DAV v. Sec'y, supra*, is premised on the same reasoning as *Ozer I* and *Felton I*, and that, as in those cases, *DAV v. Sec'y* was a case of first impression and there had been no prior adverse reaction to the proposed revision of regulatory § 19.9(a)(2), it cannot be said that the Secretary was unreasonable in promulgating that regulation.

As to VA's application of the revised regulation in the instant case, the Court cannot find that the Secretary's position at the administrative level was not substantially justified because "the Board clearly relied upon then-current law." *Clemmons v. West*, 12 Vet.App. 245, 247 (1999) (discussing *Rhodan v. West*, 12 Vet.App. 55 (1998)); *see Wisner v. West*, 12 Vet.App. 330, 333-34 (1999), *aff'd on other grounds sub nom. Abbs v. Principi*, 237 F.3d 1342 (Fed. Cir. 2001); *see also Owen v. United States*, 861 F.2d 1273, 1274-75 (Fed. Cir. 1988) (holding that "government position [is] substantially justified when it [is] taken, based on precedents then standing", even though they are later overruled). Furthermore, the validity of the § 19.9 revision had not been questioned until several veterans organizations had filed with the Federal Circuit a petition for review of, inter alia, the regulation at issue here. *Cf. Felton II* and *Ozer II*, both *supra* (not involving challenge, under 38 U.S.C. § 503, to issuance of regulation).

**2. Litigation Stage.** Regarding the Secretary's litigation position, the Court looks to the circumstances surrounding the resolution of the dispute to determine whether the Secretary's position was substantially justified. *See Dillon v. Brown*, 8 Vet.App. 165, 168 (1995); *Carpenito v. Brown*, 7 Vet.App. 534, 537 (1995)*; Bowyer v. Brown,* 7 Vet.App. 549, 553 (1995). Because the only litigation position taken by the Secretary before this Court was a timely request for remand, the Court holds that the Secretary acted reasonably and was substantially justified at the litigation stage as well. *See Wisner*, 12 Vet.App. at 334 (holding Secretary's litigation position substantially justified where he moved quickly for remand based on subsequent change in caselaw); *Stilwell,* 6 Vet.App. at 302 (indicating that speed and cooperation in resolving matter is one factor by which to measure reasonableness of VA's litigation position).

### III. Conclusion

On the basis of the foregoing analysis and the parties' pleadings, the Court denies the appellant's September 2003 EAJA application.

APPLICATION DENIED.

IVERS, *Judge,* concurring in part:  I concur in the Court's holding that the appellant fails to meet the legal requirements for prevailing party status for the purposes of awarding EAJA fees.